## Affidavit

I, Brett L. Bangas, being first duly sworn, hereby depose and state as follows

1. Your Affiant is a Special Agent for Homeland Security Investigations (HSI) and has been so employed since July of 2004. Prior to my employment with HSI, Affiant was employed as a Police Officer and Detective in Lorain, Lorain County, Ohio as a patrolman and Narcotics Detective since April of 1996. In total, your Affiant has been employed continuously as a law enforcement officer for a total of twenty-five (25) years and am currently assigned to the Cleveland Border Enforcement Security Task Force (BEST) and the Lorain County HIDTA. As a result of your Affiant's past and present employment, Affiant has conducted numerous overt and covert investigations of numerous federal criminal offenses including immigration fraud, crimes against children, customs violations, violent crimes, and narcotics offenses. Affiant's specialized training included but is not limited to the Federal Law Enforcement Training Center's Criminal Investigator's Training Program and Immigration and Customs Enforcement Special Agent Training, and the Ohio Peace Officer Training Academy.

2. I am an "Investigative or Law Enforcement Officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), and am empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516. I am empowered under Title 19, United States Code, Section 1589a to serve any warrant under the authority of the United States and make warrantless felony arrests for any crime against the United States.

3. This affidavit is being submitted for the limited purpose of establishing probable cause that **Brian ROSS**, age 52 of **31726 Tradewinds Drive, Avon Lake, Ohio** has violated the following offenses in the Northern District of Ohio Title 21, United States Code 841 (a)(1), (b)(1)(B), and (b)(1)(C) – distribution and possession with intent to distribute controlled substances; Title 18, United States Code, Section 922(g)(1) – felon in possession of a firearm and ammunition; and Title 18, United States Code, Section 924(c) – possession of a firearm in furtherance of a drug trafficking crime. I have not included each and every fact concerning the investigation and I have set forth only the facts that I believe are essential to establish probable cause to support the issuanceof an arrest warrant for **ROSS** for these offenses. Furthermore, the following statements, facts, and observations are in sum and not verbatim.

**PROBABLE CAUSE**

**CONTROLLED BUY 1 - OCTOBER 13, 2020**

4. On October 15, 2020, Detective Christian Franco of the Lorain Police Department Narcotics and Special Investigations Unit (NSI) met with CI 232 for the purpose of conducting a controlled purchase of $80 worth of crack Cocaine from **ROSS**. CI 232 agreed to become a confidential informant for the Lorain Police Department. CI 232 has provided reliable information and services in the past which have resulted in at least five successful drug trafficking investigations. Investigators have corroborated all information provided by the CI to the extent practical. As a result, investigators believe the CI to be reliable.

5. First, CI 232 was shown a six-person photo lineup that contained **ROSS**. **ROSS** was immediately identified. Next, CI 232 made a controlled and recorded phone call in Detective Franco's presence to **ROSS** at (440) 714-9414. The first call went to voicemail. A second recorded call was immediately made, and a male's voice answered. CI 232 told **ROSS** that they

2

needed to see him for "8." **ROSS** said he would be back in the area later. Later in the day, CI 232 received a text message from **ROSS** that said, "10 min".

6. CI 232 and the utilized vehicle were searched prior to the controlled buy. No personally owned money or drugs were found. Detective Franco provided $80 of documented government funds. CI 232 was equipped with an audio device and three video devices so that the buy could be listened to in real time and be reviewed later. Assisting investigators established surveillance on 1810 Elyria Avenue, Lorain, Ohio. 1810 Elyria Avenue, Lorain Ohio is Ross Automotive Solutions, a used car lot that is owned by **ROSS.**

7. CI 232 arrived and went inside the business trailer on the property. CI 232 met with **ROSS** who was seated at a desk inside. CI 232 exchanged the government funds for a clear plastic bag of crack Cocaine. A digital scale was observed on the desktop, but the bag that was given to CI 232 was already prepackaged. CI 232 left and returned to the predetermined location. CI 232 and the utilized vehicle were researched after the buy. No personally owned money or drugs were found. CI 232 was then debriefed about the buy. Detectives submitted the substance to the Lorain County Crime/Drug Lab for testing. On December 14, 2020, the Lab issued a report, finding the substance to be 0.70 grams of cocaine (Schedule II).

**CONTROLLED BUY 2 - October 29, 2020**

8. On October 29, 2020, Detective Franco again met with CI 232 for the purpose of conducting a controlled purchase of $80 worth of crack Cocaine from **ROSS.** CI 232 made three controlled and recorded phone calls in Detective Franco's presence to **ROSS** at (440) 714-9414. The calls went to voicemail. Approximately 10 minutes later, CI 232 received a text message from **ROSS** that said he was away and would be back later. CI 232 kept in contact with **ROSS** via text messages, while in Detective Franco's presence until a deal was arranged.

9. CI 232 and the utilized vehicle were searched prior to the controlled buy. No personally owned money or drugs were found. Detective Franco provided $80 of documented government funds. CI 232 was again equipped with an audio device and three video devices so that the buy could be listened to in real time and be reviewed later. Assisting investigators established surveillance on 1810 Elyria Avenue, Lorain, Ohio prior to CI 232's arrival. Prior to CI 232's arrival, Detective Rodriguez photographed **ROSS** as he came in and out of the business trailer and walked to various vehicles in the parking lot.

10. CI 232 arrived and was directed to the side of the trailer. After waiting a short time, CI 232 was directed to come inside. CI 232 went inside the business trailer on the property. CI 232 met with **ROSS** who was seated at a desk inside. CI 232 set the government funds on the desk. **ROSS** pulled pieces of crack Cocaine out of a plastic bag and set them on a digital scale to weigh them. **ROSS** handed the bag of crack Cocaine to CI 232. CI 232 left and returned to the predetermined location. CI 232 and the utilized vehicle were researched after the buy. No personally owned money or drugs were found. Detectives submitted the substance to the Lorain County Crime/Drug Lab for testing. On December 18, 2020, the Lab issued a report, finding the substance to be 0.49 grams of cocaine (Schedule II).

**CONTROLLED BUY 3 – November 10, 2020**

11. On November 10, 2020, Detective Franco again met with CI 232 for the purpose of conducting a controlled purchase of $80 worth of crack Cocaine from **ROSS**. CI 232 advised Detective Franco that they had prior contact via telephone with **ROSS**. **ROSS** said that CI 232 could come by but had to hurry because he was headed home. After some follow up text messages in Detective Franco's presence, CI 232 let **ROSS** know they were on the way.

12. CI 232 and the utilized vehicle were searched prior to the controlled buy. No personally

owned money or drugs were found. Detective Franco provided $80 of documented government funds. CI 232 was equipped with an audio device and three video devices so that the buy could be listened to in real time and be reviewed at a later time. It should be noted that upon review, Detective Franco forgot to begin the audio recorder prior to the buy. Also, one of the video devices was accidentally turned off by CI 232 as they entered back into their vehicle. The buy in its entirety was still captured on a backup audio/video device.

13. Assisting investigators established surveillance on 1810 Elyria Avenue, Lorain, Ohio prior to CI 232's arrival. CI 232 arrived and went inside the trailer. CI 232 met with **ROSS** who was seated at a desk inside. CI 232 exchanged the government funds for a plastic bag of crack Cocaine. CI 232 left and returned to the predetermined location. CI 232 and the utilized vehicle were researched after the buy. No personally owned money or drugs were found. Detectives submitted the substance to the Lorain County Crime/Drug Lab for testing. On February 5, 2021, the Lab issued a report, finding the substance to be 0.55 grams of cocaine (Schedule II).

14. Within minutes of CI 232 leaving, Detective Rodriguez reported that **ROSS** walked out of the trailer with a backpack and appeared to be locking up the business for the day. Detective Rodriguez let me investigators know that **ROSS** stood on the staircase outside for several minutes looking around the area, as if he was conducting counter surveillance. Due to **ROSS's** behavior, investigators believed that he was in possession of illegal drugs and decided to continue surveillance as he left. **ROSS** got into a red GMC pickup truck displaying Ohio registration 001A5CR and left the area. The plate returned to **ROSS**'s business: Ross Automotive Solutions. **ROSS** was followed until he stopped at Shoreway Beverage, 4169 Lake Road, Sheffield Lake, Ohio. After a brief stop inside, he was followed until he pulled into the driveway of 31726 Tradewinds Drive, Avon Lake, Ohio. Detective Franco observed a door on

the attached garage open and **ROSS** walked inside. Surveillance was ended.

**Trash Pull – November 11, 2020**

15. On November 11, 2020, Detectives Rodriguez, Sedivy and Franco conducted a trash pull at 31726 Tradewinds Drive, Avon Lake, Ohio. A recycling bin and a trash bin were located on the tree lawn of the residence. Several trash bags were removed from both cans and taken to another location so the contents could be examined. Inside the bags, detectives located various bills and mail addressed to Brian and Jill **ROSS**. Detectives also found three clear plastic bags with the corners cut off. The bags were consistent with the packaging used by **ROSS** during the third controlled buy. Finally, detectives located a digital scale. Detective Franco conducted a field test for the presence of Cocaine which showed a positive reaction which was later confirmed by the Lorain County Crime/Drug lab.

**Search Warrant - 1810 Elyria Avenue, Lorain, Ohio November 13, 2020**

16. Based upon the above investigation, Detective Franco obtained a search warrant for 1810 Elyria Avenue, Lorain, Ohio. The warrant was signed by the Honorable Judge Christopher Rothgery of the Lorain County Court of Common Pleas on November 12, 2020. The warrant was executed on the morning of November 13, 2020.

17. At the desk where the three controlled purchases occurred, police located the following all inside the same drawer:

- a bag of crack Cocaine, weighing 1.56 grams;[1]
- a digital scale with Cocaine residue; and
- a Cobra Model CB38, #CT193839, w/ (2) live .38 SPL rounds.

**ROSS** admitted the items would be located during an interview with him in Avon Lake. He also

---

[1] Confirmed by the Lorain County Crime/Drug Lab, report date: February 5, 2021.

acknowledged that he is the only employee of the business and was in possession of the keys to get into the business at the time the items were located. The door to the business was locked and had to be forced open prior to the search.

18.     In my experience, drug traffickers commonly possess a firearm in furtherance of their drug trafficking crimes. The firearm is typically used to protect themselves from drug users or fellow drug traffickers that may attempt to rob them of their drugs and/or drug proceeds. Firearms are also commonly used by drug traffickers to intimidate drug users to recoup drug debts or intimidate rival drug dealers over turf. In this case, the loaded firearm was located in the same drawer as crack Cocaine and a digital scale containing Cocaine residue. The firearm therefore was easily accessible to **ROSS** while conducting drug deals even though he was legally barred from possessing a firearm due to previous drug related convictions.

**Search Warrant – 31726 Tradewinds Drive, Avon Lake, Ohio November 13, 2020**

19.     Based upon the above investigation, Detective Franco obtained a search warrant for 31726 Tradewinds Drive, Avon Lake, Ohio. The warrant was signed by the Honorable Judge Christopher Rothgery of the Lorain County Court of Common Pleas on November 12, 2020. The warrant was executed on the morning of November 13, 2020. Found during the search warrant at this location were the following.

- 37.64 grams of Crack Cocaine;[2]
- a Taurus PT-22 pistol, serial number R28K30WPXBL with magazine loaded with 10 rounds;
- an Iver Johnson Cadet, model 55-SA, serial number #G2697, with (4) live rounds and (1) spent casing; and
- Additional 22LR ammunition.

---

[2] Confirmed by the Lorain County Crime/Drug Lab, report date: February 5, 2021.

20.     Detective Franco explained the situation to **ROSS,** and **ROSS** requested to speak with Detective Franco. The interview was recorded. Detectives advised **ROSS** of his Miranda Rights, and **ROSS** chose to waive those rights and speak with Detective Franco. **ROSS** was asked if there was anything at either location that could pose a safety risk to officers such as firearms or drugs. **ROSS** said his wife had a firearm registered to her and another that her father had given her at their residence. **ROSS** also said there was a "Derringer" in the trailer on Elyria Avenue. **ROSS** said there was "just that" when asked about crack Cocaine. **ROSS** was pointing to a large chunk of crack Cocaine that was sitting on a plate on top of the kitchen counter. **ROSS** said there was "a gram or so" at the car lot. **ROSS** was asked if his wife was aware of what was going on and he nodded yes. He said the guns, the crack Cocaine and "some weed" were all that would be found during the searches.

21.     During the search, **ROSS**'s phone was located in his pocket. The phone number was confirmed to be 440-714-9414, which was the number used to set up all three controlled buys of crack Cocaine. In **ROSS**'s bedroom, a large digital scale with Cocaine residue was located on a dresser along with a clear plastic bag with suspected Cocaine residue. A smaller digital scale with Cocaine residue was found in a nightstand drawer in **ROSS**'s room along with a box of ammunition, a box of unused clear plastic bags and a black wallet with $2,000 cash. Within the cash, a $20 bill with serial number MF92293800D was located. That bill was provided to **ROSS** by CI 232 during the second controlled buy made from **ROSS**.

22.     Your Affiant has reviewed the online records of the Lorain County Court of Common Pleas and found that Brian **ROSS** has been convicted of crimes punishable by a term of imprisonment of in excess of one year. Specifically in case 96CR049141 on or about February 7, 1997 he was sentenced after pleading guilty to Drug abuse a felony of the fourth degree; in

8

case number 05CR067658 on or about June 7, 2006 he was sentenced after pleading guilty to assault on a police officer a felony of the fourth degree.

23. Additionally, I am aware that the Cobra Model CB38, recovered at 1810 Elyria Avenue, Lorain, Ohio is manufactured in Utah. Based on this information, this firearm did travel interstate commerce in order to be recovered in Lorain, Ohio.

24. I am also aware that the Taurus PT-22 recovered at 31726 Tradewinds Drive, Avon Lake Ohio is manufactured in the State of Florida. Based on this information, this firearm did travel interstate commerce in order to be recovered in Avon Lake, Ohio.

25. Finally, I am aware that the Iver Johnson Cadet Mod 55-SA revolver was made in Arkansas. Based on this information, this firearm did travel interstate commerce in order to be recovered in Avon Lake, Ohio.

26. Based on the preceding, probable cause exists to believe that **Brian ROSS**, age 52 of **31726 Tradewinds Drive, Avon Lake, Ohio** has violated the following offenses in the Northern District of Ohio: Title 21, United States Code 841 (a)(1), (b)(1)(B), and (b)(1)(C) – distribution and possession with intent to distribute controlled substances; Title 18, United States Code, Section 922(g)(1) – felon in possession of a firearm and ammunition; and Title 18, United States Code, Section 924(c) – possession of a firearm in furtherance of a drug trafficking crime.

_____
Brett L. Bangas
Special Agent
Homeland Security Investigations

Sworn to via telephone after submission by reliable electronic means. Crim.Rules. 4.1; 41(d)(3)



_____
Thomas M. Parker
United States Magistrate Judge
**11:19 AM, Mar 26, 2021**