UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:21 CR 360 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| | ) | |
| BRIAN ROSS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Motion to Reduce Sentence. (ECF #57). Mr. Ross has also filed multiple supplements and has submitted *ex parte* subpoena responses relating to his mother's medical records for the Court's consideration in connection with his motion. (ECF #71, 72, 73).

Under the terms of the First Step Act, 18 U.S.C. §3582(c)(1)(A), inmates may file a request with the court to modify an imposed term of imprisonment for "extraordinary and compelling reasons." Prior to taking such action, however, an inmate is required to request that the Director of the Bureau of Prisons ("BOP") file a motion on his behalf, and to "fully exhaust[] all administrative rights to appeal a failure of the BOP to bring a motion." *Id.* Administrative rights are exhausted when the warden refuses to recommend that the BOP file a compassionate release motion with the court, and the prisoner appeals the denial using the BOP's Administrative Remedy program, or if there has been a "lapse of 30 days from the receipt of such

a request by the warden of the defendant's facility." Program Statement 1330.18; 28 C.F.R. 542(B), The Sixth Circuit has interpreted this to mean that the exhaustion requirement is satisfied thirty days after a warden receives a request by an inmate, regardless of whether any administrative appeals are available or have been pursued. *See, United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). Mr. Ross attached documentation indicating that he has exhausted his administrative remedies. (ECF #71, Ex. A). Therefore, the Court will address the merits of his request.

In order to justify compassionate release a court, "after considering the factors set forth in 18 U.S.C. §3553(a), must determine: (1) that extraordinary and compelling reasons warrant a sentence reduction;[1] (2) that the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. §3142(g); and, (3) that the reduction is consistent with the USSG's policy statement in §1B1.13. A "compassionate release decision is discretionary, not mandatory." *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010).

Mr. Ross argues that he qualifies for relief because his circumstances present four separate reasons for this Court to find extraordinary and compelling reasons justifying a shorter sentence. First, he argues that the United States Supreme Court decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. — (2022), renders his conviction for being a felon in possession of a firearm unconstitutional. Second, he claims that his mother is incapacitated and that he is the only person capable of caring for her. He also cites his self-characterized "remarkable rehabilitation," and argues that his sentence is disproportionately severe when compared to other cases.

1. <u>Constitutionality of 18 U.S.C. §922(g)(1)</u>

---

[1] Alternatively, courts may consider a reduction if the defendant is at least 70 years old and has served at least 30 years in prison.

*Bruen* did not displace the holding in *District of Columbia v. Heller*, 554 U.S. 570 (2008), which found that longstanding prohibitions on the possession of firearms by felons are presumptively lawful. Therefore, *Heller's* acceptance of prohibitions on the possession of firearms by felons remains binding on this Court. In addition, *Bruen* does not override the Sixth Circuit's decision in *United States v. Carey*, 602 F.3d 738 (6th Cir. 2010), which upheld the constitutionality of 18 U.S.C. §922(g)(1). Unless and until the Sixth Circuit construes Bruen to override the holding in *Carey*, *Carey* remains binding on this Court.[2] Further, Mr. Ross' conviction on Count VI (Felon in Possession of Firearms in violation of 21 U.S.C. §922(g)(1) was merged with Counts I through V for sentencing purposes. Count V set the minimum sentence. Therefore, even if that conviction were to be overturned later on constitutional grounds, his 33 month sentence for Counts I-V would not affect his overall sentence. Therefore, the *Bruen* decision does not create an extraordinary and compelling reason to consider compassionate release.

2. Family Health

Mr. Ross also argues that he qualifies for relief because his circumstances meet the definition of extraordinary and compelling reasons as set forth in the U.S.S.G. policy statement in §1B1.13(b)(1)(C). This provision provides that the "incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" is an extraordinary and

---

[2] If the felon in possession laws affecting Mr. Ross' case were determined to be unconstitutional, compassionate release would not be the proper means of addressing the retroactive effect of such a decision. Any such decision would have far reaching effects on a large population of inmates, and would, by the sheer breadth of its effect, no longer be considered extraordinary. Further, the application of any such decision would be better managed through the general principles of retroactivity and not on a case-by-case exercise of judicial discretion under 18 U.S.C. §3582(c).

compelling reason warranting a reduction in sentence. *Id.* While on pre-trial release in this case, Mr. Ross was permitted to travel to Georgia where he secured assisted living care for his mother so that she would be cared for during his incarceration. (ECF #51, 52). He claims that since that time his mother's mental cognition has declined and she has a diminished ability to speak. He has reason to expect that she will continue to decline in health over time. Mr. Ross further asserts that he is the only person able to ensure that she is being provided adequate care.

In furtherance of his argument, Mr. Ross' counsel issued subpoenas for his mother's medical records, which were delivered directly to the Court and viewed *in camera* in order to ensure her privacy. The records show that Virtue Hall, Mr. Ross' mother, is being cared for at an assisted living facility. She is receiving consistent, comprehensive, care, with regular medical check-ups, and there are absolutely no indications of neglect. There is also no evidence that she is deteriorating to point where she can no longer be adequately cared for at her current facility. She has a sister who appears to be in contact with the facility monitoring her care, and that sister has authorization and legal authority to oversee her care. Because Ms. Hall is being cared for and has a caretaker other than her son who is able to ensure her care going forward, Mr. Ross does not qualify for consideration under §1B1.13(b)(1)(C).

3. <u>Rehabilitation</u>

Mr. Ross cites his "remarkable rehabilitation" as another circumstance that the Court could consider extraordinary and compelling grounds for relief. It does appear that Mr. Ross has made good use of the resources available to him in the Bureau of Prisons, has approached his incarceration with an attitude of repentance and growth, and has taken action to rehabilitate himself and be a positive influence on those around him. However, although laudable, Congress has explicitly prohibited courts from considering rehabilitation , by itself, as an extraordinary and

compelling reason to consider relief under 28 U.S.C. §994(t). Because he has not established any other extraordinary and compelling grounds for relief, the Court may not consider his rehabilitative efforts as grounds for a reduction in sentence.

    4. Proportionality

Mr. Ross offers no evidence that his sentence was disproportionately high for a person with his offense conduct, and his criminal history background. The cases he cites were decided prior to his own sentencing and, if relevant, could have been raised at his sentencing, however, he has not established their relevance to his circumstances. If anything, Mr. Ross may have received a disproportionately low sentence. Count V generally has a statutory mandatory minimum sentence of sixty months, which would mean many people with the same offense conduct would have received a sentence of at least sixty months on similar combined offenses, in addition to the sixty consecutive months statutorily mandated for Count VII. Further, the Pre-Sentence Report evaluates the proportionality of any recommended sentence, establishing that Mr. Ross' sentence fell within or below the average sentencing range for someone with similar conduct and background. This argument has no basis in fact and does not support a finding of extraordinary and compelling circumstances for relief under 28 U.S.C. §3582(c).

For purposes of this opinion, the Court also considered and balanced all the factors set forth in 18 U.S.C. §3553(a).

Mr. Ross was sentenced to 33 months on Counts 1-6, and the mandatory statutory minimum sentence of sixty consecutive months on Count 7. At this point, he has served less than the mandatory minimum sentence prescribed for Count 7. Mr. Ross has provided no information that would alter the Court's original sentencing determination, which gave full consideration to

all of the 18 U.S.C. §3553(a) factors. A reduced sentence would not reflect the seriousness of this crime, and would give Mr. Ross a disparately low sentence compared to other defendants who engage in similar behavior. The Court has considered the rehabilitation efforts made by Mr. Ross. These efforts, however, are not sufficient to establish extraordinary and compelling reasons for relief, and do not override the remaining factors.

Mr. Ross has not demonstrated extraordinary and compelling reasons for relief in the context of the §3553(a) factors, has not shown that he is no longer a danger to the community, and has not shown that a reduced sentence would be consistent with the USSC's relevant policy statement. Having considered the record, Mr. Ross' arguments, and all of the factors set forth in 18 U.S.C. §3553(a), the Court finds, in its discretion, that the Defendant's Motion for Compassionate Release should be DENIED. (ECF #57). IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATE: July 26, 2024